JORGE IVAN TORRES
REG. NO. 16092-069/UNIT-C-2
FEDERAL CORRECTIONAL INSTITUTION
POST OFFICE BOX 725
501 GRAY HILL ROAD
EDGEFIELD, SOUTH CAROLINA 29824

Assisted and Prepared
By: Clarence T. Fox, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
HATO REY PUERTO RICO

JORGE IVAN TORRES,

    Defendant/Movant,

versus.                              CASE NO. 97-229
                                     HONORABLE JOSE ANTONIO FUSTE
                                     U.S. DISTRICT JUDGE

UNITED STATES OF AMERICA,

    Plaintiff/Respondent.
_____/

## MEMORANDUM IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255

### INTRODUCTION

This memorandum is being filed in the interest of movant, JORGE IVAN TORRES ("Torres") who presents this memorandum in behalf of his motion submitted under Title 28, United States Code, Section 2255, before this Court upon all the files, records, and proceedings. The primary basis for this petition are: (i) Torres' instant § 2255 motion does not contemplate a second or successive 2255 motion because the First Circuit Court of Appeals construed Torres' motion labeled "Defendant's Out-of-Time Notice of Appeal" was recharacterized without any warning to Torres; (ii) The district court judge violated Rule 11(e)(1), and forced and involuntary plea of guilty; (iii) Torres can show

cause and prejudice for any procedural default; and (iv) Torres is entitled to an evidentiary hearing as a matter of law.

### CASE CHRONOLOGY

On October 14, 1997, a grand jury sitting in the District of Puerto Rico returned a four count indictment charging Torres and seventeen other persons. Subsequently, on April 30, 1998, a five count superseding indictment was filed, charging Torres and 21 others individuals. Torres was charged in Count One, with conspiracy to possess with intent to distribute amounts of herion in excess of one kilogram, and amounts of cocaine in excess of five kilograms. Initially, on May 7, 1998, Torres entered a plea of not guilty as to Count One. However, on June 26, 1998, Torres changed his plea to guilty as to Count One.

A sentencing hearing was conducted on November 16, 1998, at which Torres was sentenced to 360 months of imprisonment, and a term of supervised release of 60 months.

On November 23, 1999, Torres filed his Out of Time Notice of Appeal. On February 23, 2000, the First Circuit Court of Appeals dismissed the appeal and transferred the matter to this Court to treat the Out of Time Notice of Appeal as a motion under 28 U.S.C. § 2255. On October 18, 2000, this Court denied Torres motion which was construed into a motion under 28 U.S.C. § 2255. Torres timely filed a notice of appeal on November 28, 2000.

On December 6, 2001, the First Circuit Court of Appeals vacated the judgment of this Court and remanded the case for an evidentiary hearing. This Court held an evidentiary hearing on August 15, 2002, and at the conclusion of the hearing denied Torres' motion under 28 U.S.C. § 2255. Torres timely filed a

notice of appeal. The First Circuit Court of Appeals affirmed this Court's ruling on February 6, 2004.

## ARGUMENT

### POINT ONE

### THIS IS NOT A SECOND OR SUCCESSIVE § 2255 MOTION

(a) **THE FACTS**. The factual basis for this argument is quite simple.

1. On November 23, 1999 Torres filed a motion styled "Defendant's Out of Time Notice of Appeal."

2. On February 23, 2000, the First Circuit Court of Appeals transferred the matter to this Court with instruction to treat Torres' motion styled "Defendant's Out of Time Notice of Appeal as a motion pursuant to 28 U.S.C. § 2255, having been filed on the date it was deposited in the prison mail system.

3. The First Circuit Court of Appeals or this Court never advised Torres of any effect of the recharacterization of his Out of Time Notice of Appeal into a § 2255 motion would have upon his future filing of a § 2255 under the AEDPA.

(b) **THE LAW**. The law is equally simple.

1. The Supreme Court in Castro v. United States, -U.S.-, 124 S.Ct. 786,792, 157 L.Ed.2d 778 (2003) stated that: "when a court recharacterizes a pro se litigant's motion as a first § 2255 motion [;] . . . the district court must notify the pro se litigant that it intends to recharacterization means that any subsequent § 2255 motion will be subject to the restriction on 'second or successive' motion, and provide the litigant an opportunity to withdraw the motion or to amend it . . ."

In <u>Raneri v. U.S.</u>, 233 F.3d 96,100 (1st Cir. 2000), the First Circuit Court of Appeals answered this question by holding "that when a district court, acting <u>sua sponte</u>, converts a post-conviction motion filed under some other statute or rule into a section 2255 petition without notice and an opportunity to be heard (or in the alternative, the pleader's informed consent), the recharacterized motion will not count as a "first" habeas petition sufficient to trigger AEDPA's gatekeeping requirements.

3. <u>Raineri</u>, is particularly instructive. In <u>Raineri</u>, the petitioner originally filed a motion upon Rule 33 and 35, rather than rule upon the petitioner's motion as is, the district court recharacterized the motion under § 2255. The First Circuit Court of Appeals stated, that the district court could nit, without the petitioner's informed consent, transform that motion into a habeas petition sufficient to extinguish the petitioner's one clear chance at habeas relief under the AEDPA. For that reason, the district court should have treated the instant application as a "first" habeas petition.

(c) **APPLICATION OF THE LAW TO THE FACTS**. Here, Torres filed a motion styled "Defendant's Out of Time Notice of Appeal", the First Circuit Court of Appeals remanded the case back to this Court with instruction to rechacterized the motion as a § 2255 motion. Neither the First Circuit Court of Appeals or this Court advised Torres or obtained his consent. The motion was just recharacterized. Therefore, in accordance with <u>Castro</u>, <u>supra</u>, and <u>Raineri</u>, <u>supra</u>, this Court must consider this instant § 2255 motion as Torres' first habeas petition under § 2255.

## COUNT TWO

## RULE 11(c)(1) VIOLATION[1]

(a) <u>THE FACTS</u>. The factual basis for this argument are:

1. On June 26, 1998, this Court conducted a change of plea hearing and a Rule 11 colloquy. During the colloquy this Court asked Torres did he accept the proffer made by the government, and Torres responded that he accepted what has to do with the drug conspiracy, "<u>but not any murder</u>." <u>Change of Plea Hearing</u> at 14 and 15 (emphasis added).

2. Upon Torres' answer, this Court responded:

> The Court: Let me ask you: The drug conspiracy is the drug conspiracy. But I am pretty sure that this issue of murders is relevant conduct, relevant conduct to the conspiracy. Do you understand that?
>
> The Defendant: Yes.
>
> The Court: And at the time of the sentencing , And I will have to hear proffers, and I will have to hear some evidence or I will have to hear some tapes, so that I can figure out, in my own mind, whether indeed this is relevant conduct to your sentence.
>
> Do you understand?
>
> The Defendant: Yes.
>
> The Court: And with that in mind, do you accept your involvement in the conspiracy to posses with intent to distribute narcotics?
>
> The Defendant: Yes.

<u>Transcript of Change of Plea</u>, 15 and 16.

---

[1] Rule 11(c)(1) was previously codified at Rule 11(e)(1). The 2002 Amendments to the Federal Rules of Criminal Procedure, which became effective December 1, 2002, amended and reorganized Rule 11(e)(1) at Rule 11(c)(1). That portion of Rule 11(e)(1) directing that the court shall not participate in discussions between the parties concerning plea agreements remained substantially the same after the amendment became effective.

-5-

3. Furthermore, this Court held a status conference as to all defendants on March 18, 1998, and issued an order on March 19, 1998, which <u>inter alia</u> set a change-of-plea deadline for May 1, 1998, to qualify for a 3-point reduction for acceptance of responsibility, after which the court would only grant 2 points.

4. On June 25, 1998, Torres trial counsel file a motion for continuance, which showed Torres had refused the plea offer, this Court denied the motion. At that time a off record discussion took place between Torres' trial counsel and this Court. After which Torres was advised by counsel to accept a straight plea.

**(b)** **THE LAW**. The law for this point is:

1. The Federal Rules of Criminal Procedure, Rule 11(e)(1) provides that:

> The attorney for the government and the attorney for the defendant. . . may engage in discussions with a view toward reaching an agreement that, upon entering of a plea of guilty. . ., that attorney for the government will [dismiss charges, agree to recommend or not oppose a request for a particular sentence, or agree that a specific sentence is appropriate.] <u>The court shall not participate in any discussions</u>.

Rule 11(e)(1)(emphasis added).

2. Rule 11's prohibition on court's participation in plea negotiations is designed to entirely eliminate judicial pressure from the plea bargaining process. <u>Porcaro v. United States</u>, 784 F.2d 38,42 (1st Cir. 1986).

3. Pursuant to Rule 11, clearly a judge should not say anything because his statements and suggestions carries him outside of his duty as a judge; a neutral arbiter. The judge's statements and suggestions may coerce an individual into pleading guilty involuntary. <u>Longval v. Meachum</u>, 651 F.2d 818,821 (1st

citing <u>United States v. Werker</u>, 535 F.2d 198,203 (2nd Cir. 1976).

4. In <u>United States v. Adams</u>, 634 F.2d 830 (5th Cir. Unit A 1981) the Court held that Rule 11(e)(1) establishes an absolute prohibition on all forms of judicial participation or interference with plea negotiations process. <u>Id</u>. at 835; <u>Porcaro</u>, <u>supra</u>; <u>citing</u> <u>Adams</u> at 834-36.

(c). <u>Application of the Law to the Facts</u>. Torres was unwilling to plead guilty to Count One of the indictment, if it involved any conduct relating to a murder. Only after the judge engaged in a discussion with Torres, and made several coercive statements did Torres involuntary plead guilty. Without the judge's participation, the record clearly shows that Torres was not willing to accept the plea if it involved conduct of a murder, and the record further shows that Torres took into consideration the comments of the judge or he may have feared that the court would not give him a fair trial, because he did not consider the comment of the judge.

Therefore, based on Rule 11(e)(1) prohibition, and <u>Parcaro</u>, <u>supra</u>; <u>Longval</u>, <u>supra</u>; and <u>Adams</u> <u>supra</u>, Torres should be allowed to replead because of the judge's participation. The conviction must be reversed and the case remanded.

<u>COUNT THREE</u>

<u>TORRES IS ENTITLED TO AN EVIDENTIARY HEARING BASED UPON THESE ISSUES.</u>

An evidentiary hearing is required in every 2255 motion, so long as the motion alleges facts, "which, if true, would warrant relief." <u>Shraiar v. United States</u>, 736 F.2d 817,818 (1st Cir. 1984; <u>Dziurgot v. Luther</u>, 897 F.2d 1222,1225 (1st Cir. 1990).

-7-

If, on the record, more than one inference can be raised an evidentiary hearing should be conducted. U.S. v. McGill, 11 F.3d 223,225 (1st Cir. 1993); Murcho v. U.S., 926 F.2d 50,57 (1st Cir. 1991).

In the case of Murchu v. U.S., supra, the Court has found that normally, when the allegation of a judge participated in plea discussions have occurred, an evidentiary hearing should be conducted to develop the record on the issue. Id. at 57.

Finally, and most importantly for the purpose of deciding whether or not to hold an evidentiary hearing, the court must take the facts as presented in the motion as true. U.S. v. McGill, 11 F.3d 222,225 (1st Cir. 1993) citing Mack v. United States, 635 F.2d 20,27 (1st Cir. 1980).

Torres has alleged in his motion facts which, taken as true, would allow him relief, and because these facts occurred outside the scope of the record, a hearing must be held.

### CAUSE AND PREJUDICE REQUIREMENT

In United States v. Frady, 456 U.S. 152 (1982), the Supreme Court held that a petition challenging his conviction and sentence under § 2255 generally must show both (1) "cause" excusing his failure to either contemporaneously object or pursue a direct appeal; and (2) "actual prejudice" resulting from the errors he complains." Id. at 68.

Assuming arguendo, Torres committed procedural default, his claim is not barred from § 2255 review since there is cause and prejudice for any procedural default discovered.

Here, the ineffective assistance of counsel of Torres' trial counsel provides basis for finding cause and prejudice.

The Supreme Court, in Murray v. Carrier, 477 U.S. 478,488, 106 S.Ct. 2639,2645, 91 L.Ed.2d 397 (1986), held that ineffective assistance of counsel can constitute cause for procedural default. Id. at 488. Whether there is cause

for a procedural default turns on whether the conduct of defense counsel's conforms to the requirements of the Sixth Amendment, as articulated by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under <u>Strickland</u>, a defendant has received ineffective assistance of counsel where (1) "the representation fell below an objective standard of reasonableness," and (2) the defendant is prejudice in that "there is a reasonable probability that but for counsel's unprofessional error, the result of the proceeding would have been different." 466 U.S. at 687-88,694.

Accordingly, this Court may also appropriately find that no procedural bar exists.

Executed on the 28th day of January, 2005.

Respectfully submitted,

/s/ *Jorge Ivan Torres*
JORGE IVAN TORRES